## B. TURECAMO TOWING CORPORATION v. UNITED STATES.

### No. 15715.

District Court, E. D. New York.
June 28, 1940.

Foley & Martin, of New York City (Christopher E. Heckman, of New York City, of counsel), for petitioner.

Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y., and Myron H. Avery, Sp. Asst. to U. S. Atty., for the United States.

MOSCOWITZ, District Judge.

This is a hearing on exceptions filed by the petitioner, B. Turecamo Towing Corporation, to the fifth and sixth allegations of the answer filed by the United States, the respondent herein, and to the interrogatories propounded by the respondent.

The action is brought under the Tucker Act (28 U.S.C.A. § 41(20). The two paragraphs of the answer in question are as follows:

"Fifth: That, on December 3, 1937, the respondent and the petitioner entered into a contract, a true copy of which is attached hereto, marked 'Respondent's Exhibit A', whereby the petitioner, subject to the terms of said contract, was to perform certain towage services as requested by the respondent. That, pursuant to said contract, on December 14, 1937 at Whitestone, Long Island, the respondent through the Public Works Administration duly delivered, for towage, to the petitioner and to petitioner's tug Barney Turecamo two chartered catamarans, nos. 10 and 17, respectively, loaded with certain piling, owned by the respondent, and the said catamarans and the piling thereon loaded were, pursuant to the said contract, to be towed by the petitioner safely and with dispatch to the foot of Hendrix Street, Brooklyn. Catamaran no. 10 was loaded with 42 pilings of various lengths; catamaran no. 17 was loaded with 118 pilings of various lengths. That, at the time of the delivery of the catamarans and said piling to the petitioner on December 14, 1937, the said piling was properly loaded and properly secured to the catamarans. The petitioner, on the morning of December 14, 1937, took the catamarans in tow by its tug Barney Turecamo but, instead of delivering the catamarans and piling with dispatch at the point of destination, did not deliver the said catamarans and piling until the second day after the beginning of the towage, namely, about 8 A. M. on December 16, 1937, at Hendrix Street, Brooklyn, and then by means of another tug. That, at the time of said delivery of the catamarans and the piling to the respondent, one catamaran, namely, no. 17, was damaged and the said piling was disarranged, in confusion with many pilings missing from the catamarans when delivered to the respondent on December 16, 1937. That, in all, 102 pilings were missing and only 18 pilings remained on catamaran no. 17 out of the 118 loaded thereon and delivered to the petitioner at the beginning of the towage at Whitestone. That two pilings were missing from catamaran no. 10. That the loss was occasioned while the catamarans and the piling were in the custody of the petitioner and in its sole charge, having been delivered to the petitioner as bailee, and said loss was occasioned by the failure of the petitioner to perform the towage in keeping with the terms of the contract therefor, Exhibit 'A', and by the negligence of the tug Barney Turecamo or such other tugs as petitioner used in performing the towage and of those in charge of the said tugs."

"Sixth: That the value of the said piling, not delivered to the respondent by the petitioner, as previously alleged, is in excess of any amounts due the petitioner for towage services performed by it under the said contract, so that there is nothing due or owing to the petitioner from the respondent under the said contract."

The petitioner and the respondent entered into a contract under which petition-

er was to perform certain towage services for the respondent. Respondent delivered to petitioner two catamarans loaded with piling on December 14, 1937 at Whitestone, Long Island, through the Public Works Administration for towage by petitioner's tug, Barney Turecamo.

The catamarans, owned by respondent, were to be towed to the foot of Hendrix Street, Brooklyn. Catamaran No. 10 was loaded with 42 pilings of various lengths and catamaran No. 17 was loaded with 118 pilings of various lengths.

The respondent alleges that said piling was properly loaded and secured to the catamarans and during the tow no employees of respondent were present.

On December 16, 1937, the catamarans were delivered by means of another tug to the foot of Hendrix Street, Brooklyn, and catamaran No. 17 was damaged and disarranged with many pilings missing.

Partial payment of $154.38 was made by respondent to petitioner and now petitioner seeks to recover the balance of $2,349.60 alleged due on the original contract price of $2,503.98. The respondent claims that this contract constituted a bailment and thus petitioner is liable for damages and loss of property without alleging and proving petitioner's negligence.

In Stevens v. The White City, 285 U.S. 195, 52 S.Ct. 347, 349, 76 L.Ed. 699, 1932 A.M.C. 468, the Supreme Court held that a tug was not a bailee of the vessel in tow or its cargo and that delivery in good condition of an article to be towed and redelivery in damaged condition raised no presumption of negligence. The Court said: "Decisions of this Court show that under a towage contract the tug is not a bailee of the vessel in tow or its cargo. * * * The fact that the man put aboard by the builder did not remain to the end or that the owner did not choose to keep some one on the tow is immaterial."

Also, see McNally v. The L. P. Dayton, 120 U.S. 337, 7 S.Ct. 568, 30 L.Ed. 669.

Exceptions sustained. The respondent will be granted twenty days to serve an amended answer, if it be so advised.